FILED
11 JAN 11 AM 11: 19
U.S. COURTS
SOUTHERN DISTRICT
OF TEXAS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ARTEMIO VIELMA,<br><br>Plaintiff,<br><br>v.<br><br>COOPER TIRE & RUBBER COMPANY, PEP BOYS-MANNY, MOE & JACK OF DELAWARE, INC., AND LUCY LOPEZ,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 5:10-cv-00099<br>JURY |

**PROTECTIVE ORDER OF CONFIDENTIALITY**

1. **"Confidential Material."** As used in this Protective Order of Confidentiality, **confidential material** shall refer to **records** and/or things of Defendant Cooper Tire & Rubber Company, hereinafter referred to as "Defendant," protected as trade secrets or confidential information pursuant to state and federal law. All **confidential material** is the property of Defendant.

2. **"Records."** As used in this Protective Order of Confidentiality, **records** shall mean information, both discrete and cumulative, that is inscribed or otherwise recorded on a tangible medium or that is stored in an electronic or other medium and is retrievable in perceivable form. **Records** includes both electronic records and printed, typewritten, and other tangible records.

3. **Scope.** This Protective Order of Confidentiality shall govern **confidential material** produced or disclosed by Defendant in response to formal or informal discovery conducted in this matter. Nothing in this Protective Order of Confidentiality shall be deemed to preclude Defendant's right to: (a) oppose discovery on grounds not addressed under the terms of this Protective Order of Confidentiality, or (b) object on any ground to the admission of any

**confidential material** into evidence at trial. Further, nothing contained in this Protective Order of Confidentiality shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the **confidential material** sought.

4. **Designation of Confidential Material.** Defendant may designate all or any portion of records and/or things it produces formally or informally to other parties to this litigation as **confidential material**. The designation of **confidential material** shall be made in good faith and by any practicable means, including placing on the thing so designated, such that it will not interfere with its legibility, an appropriate notice such as the following: "**confidential**" or "**confidential material**." **Confidential material** will be Bates stamped, if appropriate. All records and/or things designated as **confidential material** shall be treated as such pursuant to the terms of this Protective Order of Confidentiality until further order by the Court.

5. The inadvertent, unintentional, or *in camera* production of any **confidential material** shall not, under any circumstances, be deemed a waiver, in whole or in part, of the confidentiality of the **confidential material** in question. If Defendant should inadvertently produce any **confidential material** not responsive to a formal request for production and/or an order of the Court and/or inadvertently fail to redact **confidential material** not discoverable in this case, the recipient shall immediately return the **confidential material**, including all copies thereof, to Defendant, and shall make no use of the **confidential material** for any purpose.

6. **Objection to Designation.** If any party objects to the designation of any record and/or thing as **confidential material** produced prior to 120 days of the scheduled trial of this matter, that party shall notify all other parties in writing no later than 90 days before the scheduled trial date, specifying the factual and legal basis for the objection. For any confidential material produced within 120 days of the scheduled trial of this matter, a party must object to the

designation (specifying the factual and legal basis for the objection) within 30 days of receipt of the record or thing or 21 days from the scheduled trial, whichever is longer. If a dispute arises that cannot be resolved by agreement, then the dispute will be submitted to the Court. Pending such determination (or the expiration of the period in which Defendant may make a challenge to an adverse ruling), the **records** and/or things shall be maintained as **confidential material**.

7. **Access to Confidential Material**. Unless otherwise agreed by the parties to this Protective Order of Confidentiality, access to **confidential material** shall be limited to **authorized persons,** solely in the performance of their duties in connection with trial preparation of this case. **Authorized persons** are:

(a) Counsel of record for the parties and the parties to this civil action;

(b) Paralegal, secretarial, administrative, and legal personnel working under the direction and control of those counsel of record and who have consented to this Protective Order of Confidentiality;

(c) Outside forensic experts and consultants retained by counsel of record and trial witnesses who have first consented to this Protective Order of Confidentiality and signed the Promise of Confidentiality (specifically excluding attorneys who are not counsel of record for the parties to this civil action);

(d) the Court hearing this matter, the Court's personnel, mediators, other persons appointed by the Court, court reporters and jurors at the time of trial;

(e) corporate representatives designated by Cooper in this case and current employees of Cooper, during their depositions taken in this case; and

(f) If this Court so elects, any other non-authorized person may be designated as an Authorized Person by Order of this Court only after application to this Court, with at least fifteen

(15) days written notice to all parties to this Protective Order of Confidentiality, a hearing, and approval by this Court.

Access to **confidential material** shall not be given to any person or entity not specifically described above, including to members of the general public. However, nothing in this Protective Order of Confidentiality shall prohibit Defendant from utilizing the **confidential material** as it deems appropriate, and any such use by Defendant shall not destroy the confidentiality of the **confidential material** in question.

**Authorized persons** shall not include any organization or entity or any representative thereof that regularly maintains and/or disseminates documents or information, including abstracts or summaries, or any other **records** as a service to its members, subscribers, or others.

Under no circumstances shall access to **confidential material** be granted to any employee of any competitor of Defendant, or any person who over the next two years expects to be affiliated with, employed by, or consulted by a competitor of Defendant regarding research, development, production, or testing of tires. This limitation does not apply to Plaintiffs' or Defendant's retained, designated testifying experts in this case (unless any such expert is an employee of any competitor of Defendant or expects to be affiliated with, employed by, or consulted by a competitor of Defendant regarding research, development, production, or testing of tires within the next two years).

8. **Promises of Confidentiality.** Excluding court staff, each **authorized person** who receives access to any **confidential material** shall first be given a copy of this Protective Order of Confidentiality and advised by the trial counsel making the disclosure that such person must not divulge any **confidential material** to any other person except in the preparation or trial of this lawsuit, and that such disclosure is limited to **authorized persons**. A Promise of

Confidentiality is attached as Exhibit A. This Promise of Confidentiality must be signed by each **authorized person** receiving any **confidential material** in advance of receipt (excluding court staff). The signed original of each such Promise of Confidentiality by persons other than consulting-only experts shall be retained by trial counsel and provided to counsel of record for Defendant at the time that expert witnesses are identified by Plaintiffs. In the case of consulting-only experts, the signed original shall be maintained by the disclosing counsel who will provide counsel for Defendant with a privilege log list at the time the disclosing party designates experts that indicates that a specified number of signed Promises of Confidentiality are being withheld on the basis of privilege. In the event that Confidential Materials are disseminated to an unauthorized recipient in any manner or under any circumstance, Defendant may request the identities of all previously undisclosed recipients and Plaintiffs shall within 24 hours disclose the identities of the previously undisclosed recipients and supply their Promises of Confidentiality. By disclosing the identity of consulting experts, no waiver of the consulting expert privilege has occurred.

9. **Storage of Confidential Material. Authorized persons** shall maintain all **confidential material** in a secure location. Unless otherwise agreed by the parties, **confidential material** may not be entered onto any electronic storage system, other than a compact disc, and may not be transmitted via e-mail or other similar media.

10. **Use of Confidential Material.** Unless otherwise agreed by the parties to this Protective Order of Confidentiality or by order of this Court, all **confidential material** shall be used for the purpose of this lawsuit only.

(a) Unless otherwise agreed by the parties to this Protective Order of Confidentiality or by order of this Court, no **confidential material** will be produced, disclosed, or otherwise utilized

in any other litigation, whether or not that litigation involves parties to this case. Further, no **confidential material** shall be disseminated to or shared with any organization or entity, or any representative thereof, that regularly disseminates documents or information regarding documents, including abstracts or summaries, or any other **records** as a service to its members, subscribers, or others, or the representative of such an organization or entity.

(b) If any subpoenas, requests for production, or other forms of discovery in connection with other litigation are served on any party to this Protective Order of Confidentiality, or any **authorized person** defined hereunder, that party or person will immediately notify Defendant's counsel of record, provide Defendant's counsel with a copy of the subpoena or other discovery request, and will execute such documents necessary for Defendant to have standing to obtain an order from the appropriate court protecting the **confidential material** from being disseminated outside the scope of this Protective Order of Confidentiality.

11. **Confidential Material Submitted to the Court.** In the event that any **confidential material** is submitted to the Court, including but not limited to any pleading, motion, transcript, videotape, exhibit, photograph, or other material filed with any court which incorporates or includes **confidential material**, the **confidential material** shall be submitted in an attached envelope marked "For in camera review only." Additionally, the enclosed envelope shall include the following label:

> CIVIL ACTION NO. 5:10-cv-00099; *Artemio Vielma v. Cooper Tire and Rubber Company, et al.*; In the United States District Court for the Southern District of Texas – Laredo Division: CONFIDENTIAL – FILED FOR IN CAMERA REVIEW ONLY.

Such **confidential material** shall, however, remain available to personnel authorized by the Court and to **authorized persons**. Alternatively, these *in camera* documents will be conditionally sealed by the Court pending a further Order, if necessary. When practicable,

however, only the confidential portion of the pleadings filed with the Court will be filed in the attached envelope.

It is agreed that, following at least 14 days notice to opposing counsel of its intent to retrieve specific **confidential material** that has been filed with Court for *in camera* inspection, Cooper may take possession of all such specified **confidential material** supplied to the Court for any *in camera* inspection by the Court during the pendency of this action, unless the parties agree or the Court orders otherwise. To the extent that Cooper retrieves any such *in camera* **confidential material** from the Court, Cooper shall retain true and correct copies of all such **confidential material** until 30 days from the latter of the final conclusion of this matter via final judgment of the Court and exhaustion of all appeals. The Court finds that all documents which are provided to the Court throughout litigation under seal and returned during the course of this litigation to any party will be maintained by the party taking possession until completion of this litigation as if still being maintained by the Court under seal. Upon written request of any party or the Court, documents withdrawn from the Court's possession will be returned to the Court within seven (7) days of the request, unless otherwise ordered by the Court or agreed by the parties.

12. **Depositions.** If any **confidential material** is used or referred to during any deposition, counsel for Defendant may require that only its representatives, **authorized persons**, the deponent, the court reporter, and the camera operator (if the deposition is videotaped) shall be present for the portion of the deposition dealing with **confidential material**. Counsel for Defendant may also serve a copy of this Protective Order of Confidentiality upon the deponent, the court reporter, and camera operator, and require that each sign the Promise of Confidentiality (Exhibit A) prior to further questioning. Within thirty (30) days of receipt of the completed

deposition transcript, counsel for Defendant shall designate by page and line the portions for which such claim is made, and give written notice of this designation to the court reporter and all other parties. This designation shall be placed on the first page in the original and all copies of the deposition by the court reporter and by counsel for the parties. Pending such designation, the deposition and all exhibits shall be treated in its entirety as **confidential material**. Those portions of the deposition which are designated as **confidential material** shall be bound separately under seal and prominently marked "confidential material subject to Protective Order."

Under no circumstances shall any **confidential material** be viewed by any deponent who is an employee of any competitor of Defendant, or any person who over the next two years expects to be affiliated with, employed by, or consulted by a competitor of Defendant regarding research, development, production, or testing of tires. This limitation does not apply to Plaintiffs' or Defendant's retained, designated testifying experts in this case (unless any such expert is an employee of any competitor of Defendant or expects to be affiliated with, employed by, or consulted by a competitor of Defendant regarding research, development, production, or testing of tires within the next two years).

13. **Evidence at Trial. Confidential material** may be introduced into evidence at trial, if otherwise admissible, provided that the party seeking to do so shall give notice of its intent to introduce such **confidential material** as evidence at least twenty-one (21) days before the scheduled trial or at the same time that the party is required to disclose its trial exhibit list, whichever is later, so that it can be determined during the pretrial conference (or other scheduled hearing in advance of trial) how such **confidential material** will be treated at trial. In the event that a transcript of the trial is prepared, any party may request that certain portions thereof, which

contain trade secrets or other **confidential material**, be filed under seal.

14. **Inadvertent Disclosure**. Should any **confidential material** be disclosed to any unauthorized persons, through inadvertence of a party or through the act or omission of any person, the unauthorized person (a) shall be informed promptly of the provisions of this Protective Order of Confidentiality by the party who first learns of the disclosure, and upon such notice shall be subject to the terms of this Protective Order of Confidentiality; (b) shall be identified immediately to counsel of record for Defendant; and (c) shall be directed, if within control of a party, or otherwise asked, to sign the Promise of Confidentiality (Exhibit A). At Defendant's sole discretion, such unauthorized person may be required to surrender to Defendant all copies of **confidential material** in such unauthorized person's possession. The person or entity whose inadvertence caused the unauthorized disclosure shall be responsible for securing the unauthorized person's assent to the Promise of Confidentiality.

15. **Return of Confidential Material.** Unless otherwise ordered by this Court or agreed by the parties to this matter, within thirty (30) days of final termination of this action (the latter of execution of a settlement agreement or resolution of all appellate actions), counsel for record for each party shall assemble and return all **confidential material** produced, including all copies, notes, direct quotes, summaries, indices, transcripts, renderings, photographs, recordings, compact discs, DVDs, thumb/flash drives, other magnetic or electronic media, and physical or electronic reproductions of every kind of such **confidential material** and deposition excerpts containing **confidential material,** whether in the possession of said counsel or in the possession of any **authorized person** who gained access to the **confidential material**. Accompanying the return of all **confidential material**, counsel of record for each party shall provide a letter indicating that they have abided by the terms of the protective order and returned all **confidential**

**material** and also will assemble executed Certifications in the form attached hereto as Exhibit B executed by each expert and anyone else who had access to such **confidential material**. If upon the review of the returned **confidential material**, counsel of record for Cooper concludes that not all **confidential material** has been returned, counsel of record for Cooper will provide to counsel of record for the returning party a list of those **records** by bates stamp number which were not returned. If counsel of record for returning party is unable to provide or locate those missing **records**, then counsel of record for the returning party shall execute an affidavit which states: (a) the bates numbers of those **records** that counsel of record for the returning party was unable to return; (b) that a diligent and thorough search was conducted of all **authorized person** who gained access to the **confidential material** through counsel of record for the returning party and counsel of record for the returning party was unable to find said **confidential material**; and (c) counsel of record for the returning party does not have said **confidential material** in his or her possession. Such affidavit shall not relieve counsel for the returning party from their continuing obligation to return the **confidential material** as set forth in this paragraph.

ORDERED by the Court this 11th day of January 2011.

HON. UNITED STATES ~~DISTRICT~~ Magistrate JUDGE