United States District Court
Southern District of Texas
FILED
JAN 25 2011
David J. Bradley, Clerk
Laredo Division

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ARTEMIO VIELMA, | § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. L-10-99 |
| | § | |
| COOPER TIRE & RUBBER CO., *et al*, | § § | |
| Defendants. | § § | |

## ORDER

Pending before the Court is "Plaintiff Artemio Vielma's Unopposed Motion for Leave to File Motion to Extend Scheduling Order Deadlines" (Dkt. No. 21) and "Plaintiff Artemio Vielma's Unopposed Motion to Extend Scheduling Order Deadlines" (Dkt. No. 22). For the reasons set forth below, the motion to extend scheduling order deadlines (Dkt. No. 22) is GRANTED IN PART and DENIED IN PART, and the motion for leave to file the motion to extend (Dkt. No. 21), which essentially duplicates the motion to extend deadlines, is DENIED AS MOOT.

## I. BACKGROUND

This suit arises out of a vehicular accident allegedly caused by tires manufactured by Defendant Cooper Tire and Rubber Company ("Defendant Cooper Tire"). (*See* Dkt. No. 1, Ex. D-1). On October 1, 2010, Plaintiff filed his motion to remand to state court. (Dkt. No. 5). The remand motion was denied on November 17, 2010. (Dkt. No. 13). On October 26, 2010, the Court issued a scheduling order in this case. (Dkt. No. 11). Subsequently, Defendant Cooper Tire filed its motion for entry of protective order on November 8, 2010. (Dkt. No. 12). A protective order was entered in this case on January 11, 2011. (Dkt. No. 20). Then, on January 12, 2011, the instant motions were filed. (Dkt. No. 21 and 22). In their motions, Plaintiff and

Defendants seek to extend all remaining scheduling order deadlines by six months. (*See* Dkt. No. 22 at ¶ 3).

## II. ANALYSIS

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order may only be modified "for good cause and with the judge's consent." The Fifth Circuit has explained that "[t]he good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)). Mere stipulations by the parties do not constitute good cause. *Rivera v. County of Willacy*, 2007 U.S. Dist. LEXIS 41401, at *3 (S.D. Tex. June 6, 2007) (citing *Chiropractic Alliance of N.J. v. Parisi*, 164 F.R.D. 618, 621 (D.N.J. 1996)).

Here, the parties argue that a six-month extension is warranted because they have been focusing their litigation on jurisdictional and protective order issues and have yet to begin in-depth discovery other than exchanging preliminary disclosures. (*See* Dkt. No. 22 at ¶ 2). However, while the filing of a motion to enter a protective order may place some limitations on discovery relating to the information sought to be protected, the filing of motions with the Court should not be construed by civil litigants as creating an automatic stay of discovery. Moreover, even if the Court had granted the motion to remand, all discovery produced would continue to be relevant for purposes of the state court action.

Further, even if the Court were to assume that any delay in the issuance of orders on pending motions warranted a quasi-stay of discovery, the order on the motion to remand was issued approximately seven weeks after the remand motion was filed, and the protective order

was issued approximately nine weeks from the filing of the motion to enter a protective order. Thus, even under that framework, the parties would only be entitled to a sixteen-week, or four-month, extension.

Nonetheless, the Court considers the parties' assertions that they have acted in good faith in moving this case forward in an expeditious manner. (*See* Dkt. No. 22 at ¶ 4). This is demonstrated by the fact that the parties were eventually able to agree on a mutually-acceptable protective order. (*See* Dkt. No. 20). The parties have shown that they acted diligently in trying to comply with the scheduling order deadlines and that due to the time spent in litigating jurisdictional issues and attempting to resolve protective order issues, they will be unable to meet the deadlines set forth by this Court. The Court finds that the above-referenced circumstances provide good cause to extend all remaining deadlines by four months.

Accordingly, "Plaintiff Artemio Vielma's Unopposed Motion to Extend Scheduling Order Deadlines" (Dkt. No. 22) is GRANTED IN PART and DENIED IN PART, and "Plaintiff Artemio Vielma's Unopposed Motion for Leave to File Motion to Extend Scheduling Order Deadlines" (Dkt. No. 21) is DENIED AS MOOT. The Court further ORDERS that the amended scheduling-order deadlines set forth below be entered into the record.

| PRETRIAL EVENTS | DEADLINES |
|---|---|
| Deadline for plaintiff to designate expert witnesses & reports | April 26, 2011 |
| Deadline for defendant to designate expert witnesses & reports | June 14, 2011 |
| Discovery deadline | October 14, 2011 |
| Deadline to complete ADR | October 28, 2011 |
| Deadline to amend pleadings (with parties consent or leave of Court) | November 15, 2011 |
| Deadline to file contested motions | November 29, 2011 |
| Deadline to file joint pretrial order, motions in limine & proposed jury instructions (or proposed findings of fact & conclusions of law) | January 18, 2012 |
| Pretrial conference & trial scheduling in Courtroom 3B with United States District Judge Micaela Alvarez. | February 1, 2012 at 10:00 a.m. |

IT IS SO ORDERED.

SIGNED this 25th day of January, 2011.

_____
J. SCOTT HACKER
United States Magistrate Judge

To Ensure Proper Notice, Each Party Who Receives This Notice Shall Forward A Copy Of It To Every Other Party And Affected Non-party Even Though They May Have Been Sent One By The Court.